# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | Case No. 19-20012-03-DDC |
| **ZIVIRAVIRWA JEHU RUBABA,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

The trial in this case is set to begin tomorrow, March 26, 2020. This setting will arrive among an unusual collection of conditions.

For one, the court modified Mr. Rubaba's conditions of release to permit him to travel to Zimbabwe for a funeral. Doc. 56. The defendant made the trip, and under the modified condition, the court required him to return to Texas (where he resides) by October 26, 2019. *Id.* at 2. Meanwhile, the United States Citizenship and Immigration Services denied defendant's application to register as a permanent resident. Because he wasn't lawfully present in the United States, USCIS informed Mr. Rubaba that unless he departed the country within 33 days of September 25, 2019, it might commence removal proceedings against him. Though Mr. Rubaba reports that he didn't know about USCIS's decision denying his application for permanent resident status or its threat to remove him from the United States, he inadvertently complied by traveling to Zimbabwe in early October. His attorney reports that USCIS's letter arrived at his Texas residence after he already had departed the United States.

Counsel for the United States reports that Mr. Rubaba has not attempted to return here. Counsel also reports that the United States Department of Homeland Security has advised that there is a procedure permitting Mr. Rubaba to return to the United States to resolve the charges

against him in this pending criminal case.  *See* Doc. 71 at 3 (citing 8 U.S.C. § 1181(d)(5)(A) and 8 C.F.R. § 212.5).  But this process apparently would require Mr. Rubaba to volunteer to return.  And, government counsel reports that defense counsel has advised that Mr. Rubaba is unwilling to return to the United States voluntarily.  The government hasn't supplied any information suggesting it has tried to secure Mr. Rubaba's presence for trial.

Meanwhile, during the last few weeks, a global pandemic has emerged.  Recognizing the public health risks imposed by COVID-19 and President Trump's declaration of a National Emergency on March 13, 2020, the court entered Administrative Order No. 2020-3 on March 13, 2020.  It ruled, "All criminal cases and matters scheduled for nonemergency hearings or trial before any district or magistrate judge in the District of Kansas are postponed pending further order of the [c]ourt."  *In re Criminal Hearings and Trials Under the Exigent Circumstances Created by COVID-19 and Related Coronavirus Health Conditions*, Admin. Order No. 2020-3 (D. Kan. Mar. 13, 2020).  Chief Judge Robinson's Administrative Order explained the reasons for this Order:  It is designed "to combat the spread of disease and effectively follow the guidance of the Centers for Disease Control and Prevention, and [reduce] the severity of the risk posed to the public, litigants, counsel, [c]ourt staff, and other agencies . . . ."  *Id.* at 1.  Since the court's Order issued, Dr. K. Allen Greiner, the Local Health Officer of Wyandotte County, Kansas—the county where the trial would occur—has issued an Emergency Public Health Order effective March 24, 2020.  *See* K. Allen Greiner, *Emergency Order of Local Health Officer*, (Mar. 24, 2020), https://www.wycokck.org/WycoKCK/media/Health-Department/Documents/UG_EMERGENCY_HEALTH_ORDER_STAY_AT_HOME.pdf.  And though the court's business would qualify for the essential function exception recognized in Dr.

Greiner's Emergency Order, the court is mindful that convening a panel of prospective jurors would exceed the 10-person limit for gatherings in this county.

Against this daunting backdrop, the United States has moved to continue Mr. Rubaba's trial "for a period of at least 90 days." Doc. 71 at 4. This Motion reports that defendant objects to continuing the trial, but he concedes that "he is unable to appear for trial" on March 26, 2020. *Id.*

Finally, the court has calculated the deadline imposed by the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. This calculation, calculated on the date of this Order, shows Mr. Rubaba's trial deadline as May 4, 2020. No party has provided the court with a contrary calculation.

After considering these unusual circumstances, the court, in its discretion, grants the government's Motion in part. It continues the trial until Tuesday, April 29, 2020. It denies the government's Motion, however, for a continuance of 90 days or more because nothing in its Motion supports a continuance of that duration. The trial is now set to begin on Tuesday, April 29, 2020, at 9:00 a.m. in Kansas City, Kansas.

The government asserts that it is proper to exclude the period between the date it filed its Motion (Doc. 71) and the new date for trial as a period of excludable time under 18 U.S.C. § 3161(h)(3)(A). The court disagrees. This provision authorizes a court to exclude "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness." *Id.* Counsel's representations support a finding that Mr. Rubaba is absent. But nothing supports the auxiliary finding required by subsection (B) of this provision. It requires one of two things to be true: (i) the defendant's whereabouts are unknown and he is attempting to avoid apprehension or prosecution (or "his whereabouts cannot be determined by due diligence."); or (ii) the defendant's whereabouts are known "but his presence for trial cannot be obtained by due

3

diligence or he resists appearing at or being returned for trial." *Id.* § 3161(h)(3)(B). Option (i) doesn't apply—everyone seems to agree that Mr. Rubaba is in Zimbabwe. And though it's possible that option (ii) applies, the government hasn't provided any basis for a finding that Mr. Rubaba's presence can't be secured with due diligence, or that he has resisted making an appearance for trial. All the current record can support is that Mr. Rubaba won't *voluntarily* make himself available for trial in Kansas. The government hasn't shown what it's done to secure Mr. Rubaba's appearance at trial, much less that it has met the statutory standard of due diligence.

In contrast, § 3161(h)(7) will support an exclusion. This is the ends of justice of provision of the Speedy Trial Act. The court finds that the ends of justice served by granting a 30-day continuance outweigh the best interests of the public and Mr. Rubaba in a trial starting without the continuance and corresponding exclusion. The court bases its finding on the statements proffered in the government's Motion (Doc. 71) (which Mr. Rubaba does not challenge) and the extraordinary public health conditions already recited in this Order. As Chief Judge Robinson's Administrative Order concludes, those conditions recognize a significant threat to the public health, including trial participants who, were the trial to go forward, could expose themselves to significant health risks. The court also adopts the findings made in that Administrative Order and the conditions recited by local public health officials, all recited earlier in this Order.

**THEREFORE, IT IS HEREBY ORDERED THAT** the government's Motion to Continue Trial (Doc. 71) is granted in part and denied in part, so the trial of this case is continued until April 29, 2020, beginning at 9:00 a.m.

**IT IS FURTHER ORDERED THAT** the time between March 26, 2020, and April 29, 2020, is to be excluded from the calculation required by the Speedy Trial Act for the reasons stated in this Order.

**IT IS SO ORDERED.**

**Dated this 25th day of March, 2020, at Kansas City, Kansas.**

<pre>                                        s/ Daniel D. Crabtree            
                                        Daniel D. Crabtree
                                        United States District Judge</pre>